Return Date: No return date scheduled
Hearing Date: 4/14/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
    Cook County, IL

FILED
12/15/2020 12:30 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07287

11502036

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Matthew Brash, as Assignee-Trustee of Wigdahl

(Name all parties)

v.

Internal Revenue Service & BMO Harris Bank

Case No. **2020CH07287**

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant:   See attached Service List

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 3

**Ex. A**

FILED DATE: 12/15/2020 12:30 PM 2020CH07287

**Summons - Alias Summons** (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 57133

Atty Name: Levenfeld Pearlstein, LLC

Atty. for: Plaintiff

Address: 2 N. LaSalle Street, Suite 1300

City: Chicago

State: IL     Zip: 60607

Telephone: (312) 346-8380

Primary Email: jburns@lplegal.com

Witness: _____ 12/15/2020 12:30 PM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS**

FILED DATE: 12/15/2020 12:30 PM    2020CH07287

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

## Service List

INTERNAL REVENUE SERVICE
1111 Constitution Avenue, NW
Washington, DC 20224

BMO Harris Bank N.A.
111 West Monroe Street
Chicago, IL 60603

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

4.     Defendant BMO Harris Bank N.A. ("BMO") is a national bank headquartered in Chicago, Cook County, Illinois.

## JURISDICTION AND VENUE

5.     Jurisdiction and venue are proper in this Court because the causes of action alleged herein arise under Illinois law, the property that is the subject of this case is located in Cook County, Illinois, and the parties are located in Cook County, Illinois.

## COUNT I—INTERPLEADER

6.     On July 28, 2018, the Trustee and Wigdahl Electric Company ("WEC"), an Illinois corporation, entered into that certain *Trust Agreement and Assignment for the Benefit of Creditors of Wigdahl Electric Company* (the "Assignment Agreement"). A true and correct copy of the Assignment Agreement is attached hereto as **Exhibit A**.

7.     The purpose of the Assignment Agreement was to effectuate an Assignment for the Benefit of Creditors of WEC's assets. (Ex. A at 1)

8.     Pursuant to the Assignment Agreement:

a.     The Trust was created. (Ex. A, ¶1)

b.     The Trustee was appointed Trustee of the Trust. (Ex. A, ¶1)

c.     All of WEC's property and assets (the "WEC Property") were transferred to the Trust. (Ex. A, ¶2)

d.     The expenses of administration of the Trust, including the fees and expenses of the Trustee and his agents and attorneys, are payable from funds held in the Trust. (Ex. A, ¶¶3(m)(i) and (ii))

9.     The Trustee then proceeded to collect and liquidate the WEC Property for distribution to WEC's creditors.

FILED DATE: 12/15/2020 12:30 PM    2020CH07287

10.     The Trust now has remaining in its account the sum of $319,213.11 (the "Interpleaded Funds").

11.     The Trustee has no claim to the Interpleaded Funds.

12.     The IRS and BMO have asserted claims to the Interpleaded Funds.

13.     On information and belief, the IRS's claim (the "IRS Claim") arises from certain tax liens filed with the Illinois Secretary of State:

        a.      Number 0843695, filed 12/19/2016 in the amount of $398,087.

        b.      Number 0923982, filed 04/23/2019 in the amount of $312,864.

14.     On information and belief, BMO has stated its claim (the "BMO Claim") as follows:

> BMO provided credit to WEC pursuant to a Promissory Note dated May 8, 2015, in the original principal amount of $4,000,000.00, as amended and restated in that certain Amended and Restated Amendment of Note and Other Loan Documents dated December 7, 2015, and effective as of August 1, 2015 (the *"Note"*). The Note is secured by, among other things, a Commercial Security Agreement dated August 24, 2009, from WEC to BMO. Pursuant to the Commercial Security Agreement BMO has a first lien security interest in all of WEC's assets, including, but not limited to, all of WEC's inventory, equipment and accounts receivable.

> As of October 29, 2020, WEC is indebted to BMO in the principal amount of $221,105.39 plus $77,148.58 in interest and $2,936.26 in late charges, plus attorneys' fees and cost. Interest continues to accrue at the rate of $65.34 per diem.

15.     The Trustee has not verified (a) the validity or enforceability of the IRS Claim or the BMO Claim, (b) the alleged security interests of the IRS and BMO, or (c) the priority of the claims.

16.     On information and belief, the IRS agreed to subordinate a portion of its claim to BMO pursuant to a certain Certificate of Subordination filed with the Illinois Secretary of State as of April 26, 2017 (Validation Number 138656) and recorded with the Cook County Recorder of

FILED DATE: 12/15/2020 12:30 PM    2020CH07287

Deeds on May 4, 2017 (Document Number 1712434081). (**Exhibit B**). On further information and belief, the Certificate of Subordination expired April 19, 2018.

17.    On information and belief, Defendants disagree as to the amount of Interpleaded Funds due to each of them.

18.    The Trustee is unable to determine, without hazard to himself, which of the Defendants is entitled to the funds.

19.    The Trustee has no means, other than this interpleader action, to protect himself against the possibility of multiple liability from the Defendants' claims.

20.    The Trustee proposes to deposit the Interpleaded Funds with the Court for adjudication of the persons entitled thereto.

21.    On information and belief, BMO has a claim in the Chapter 7 bankruptcy case *In re David Allen Wigdahl*, case number 17-36427, pending in the United States Bankruptcy Court for the Northern District of Illinois (the "David Wigdahl Bankruptcy"). On further information and belief, BMO's claim to the Interpleaded Funds arises from the same underlying indebtedness as its claim in the David Wigdahl Bankruptcy, and any recovery by BMO in the David Wigdahl Bankruptcy will reduce its claim to the Interpleaded Funds dollar-for-dollar.

22.    In addition to the Interpleaded Funds, the Trust has held back and is in possession of funds necessary to pay fees and expenses of the Trust, including fees and expenses of the Trustee and his attorney and accountant. Such amounts are not included in the Interpleaded Funds that the Trustee seeks to deposit with the Court. The Trustee will distribute remaining amounts, if any, in connection with the termination of the Trust at the appropriate time.

23.    In addition to Defendants, the Trustee has allowed claims filed by approximately 76 additional creditors of WEC, totaling $3,698,614.44. However, the Trustee has determined that

FILED DATE: 12/15/2020 12:30 PM 2020CH07287

Defendants' interest in the Interpleaded Funds is superior to any interest of the additional creditors, and there will be no funds remaining to distribute to the additional creditors after payment of Defendants' allowed secured claims.

24.     The Trustee files this Complaint in Interpleader, pursuant to 735 ILCS 5/2-409, freely and solely to avoid suit and continued harassment, and not at the request of or in collusion with any Defendant.

25.     The Trustee requests that he be reimbursed for all costs and expenses, including reasonable compensation for time and services of himself and his agents and attorneys in relation to this proceeding, as provided by the Assignment Agreement. (Ex. A, ¶¶3(m)(i) and (ii)).

WHEREFORE, the Trustee prays for judgment in his favor as follows:

A.     Defendants be required to interplead among themselves, setting out their respective claims to the Interpleaded Funds;

B.     That the Trustee be authorized and directed to deliver the Interpleaded Funds to the Clerk of the Court or to some other person designated by the Court, until such time as the Court determines the true ownership thereof, and, upon such payment or delivery, that the Trust and Trustee be discharged from this suit and from all obligations by reason of the Interpleaded Funds to Defendants or any one or more of them;

C.     Defendants, and each of them, be enjoined from commencing or maintaining an action against the Trustee or the Trust on account of the Interpleaded Funds;

D.     The Trustee's costs and reasonable attorneys' fees in this action to be paid from the Interpleaded Funds, pursuant to the Assignment Agreement (Ex. A, ¶¶3(m)(i) and (ii)); and

E.     Such other and further relief as the Court deems proper.

Matthew Brash, not individually but solely as Assignee-Trustee of the Wigdahl Electric Company Trust,

By: _____

One of its attorneys

Elizabeth B. Vandesteeg
Jamie L. Burns
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle Street, Suite 1300
Chicago, Illinois 60602
Phone: (312) 346-8380
evandesteeg@lplegal.com
jburns@lplegal.com

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

**<u>VERIFICATION</u>**

Under penalties as provided by law pursuant to Sections 1-109 of the Illinois Code of Civil

Procedure, the undersigned certifies that the statements set forth in this Affidavit are true and correct,

except as to matters therein stated to be on information and belief and as to such matters, I certify as

aforesaid that I verily believe the same to be true.

Date: <u>December 14, 2020</u>

_____

Matthew Brash, not individually but solely as
Assignee-Trustee of the Wigdahl Electric
Company Trust

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

SFGH:4852-2051-8062

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

# EXHIBIT A

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

## TRUST AGREEMENT AND ASSIGNMENT
## FOR THE BENEFIT OF CREDITORS OF WIGDAHL ELECTRIC COMPANY

THIS TRUST AGREEMENT AND ASSIGNMENT FOR THE BENEFIT OF CREDITORS is made and entered into this ___ day of July 2018, by WIGDAHL ELECTRIC COMPANY, an Illinois corporation located at 1802 Brummel Avenue, Elk Grove, Illinois 60007 (as "Assignor"), and MATTHEW BRASH of NEWPOINT ADVISORS CORPORATION, located at 1320 Tower Road, Schaumburg, Illinois 60173 (as "Trustee-Assignee").

### WITNESSETH:

WHEREAS, Assignor is indebted to numerous entities and desirous of transferring its property to a Trustee-Assignee for the benefit of its creditors so that the property so transferred may be expeditiously sold or liquidated and the proceeds thereof be fairly distributed to its creditors without any preference or priority, except such priority as is established and permitted by applicable law;

NOW, THEREFORE, in consideration of Assignor's existing indebtedness to its creditors, the express undertakings of the Trustee-Assignee, and the mutual covenants contained herein, it is hereby AGREED:

1.      **Creation and Object of Trust.** The name of this Trust shall be the "WIGDAHL ELECTRIC COMPANY TRUST" and its object shall be the orderly liquidation of the assets and property of Assignor and the distribution of the proceeds therefrom to creditors of Assignor in accordance with applicable law.  Assignor hereby nominates and appoints MATTHEW BRASH of Newpoint Advisors Corporation, as Trustee-Assignee to carry out the purpose of the WIGDAHL ELECTRIC COMPANY TRUST in accordance with the terms and conditions set forth herein.  The Trustee-Assignee shall have the rights, powers, duties and immunities

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

WIGDAHL ELECTRIC COMPANY
PAGE 2 OF 14

hereinafter set forth in addition to those provided by applicable Illinois law and shall receive reasonable compensation for his services and reimbursement of his expenses, including, but not limited to reimbursement of his attorneys' and other professionals' fees and costs (SEE SCHEDULE A). The Trustee-Assignee may serve without bond. In the event of death, inability, refusal to act, or resignation of Matthew Brash as Trustee-Assignee, then, in any such event, KENNETH YAGER, also of Newpoint Advisors Corporation, is hereby appointed as Successor Trustee-Assignee with all the immunities, duties, rights, and powers herein imposed upon and granted to Matthew Brash, as original Trustee-Assignee.

2. **Transfer of Assets.** Assignor does hereby irrevocably grant, convey, assign, transfer and set over to the Trustee-Assignee for WIGDAHL ELECTRIC COMPANY TRUST all property and assets of Assignor, whatsoever and wheresoever situated, which are now or ever have been used in connection with the operation of Assignor's business. The property and assets transferred shall include without limitation, if any such assets exist, all real and personal property, tangible and intangible including, without limitation, all cash on hand, bonds, bank accounts, all accounts, accounts receivable, all furniture, fixtures, equipment, leasehold improvements, inventory, general intangibles, patents, tax refunds, insurance premium and/or policy refunds, trade names, trademarks, franchises, service marks, causes of action, contract rights, licenses, and other intellectual property and technology. Notwithstanding anything in this Trust Agreement to the contrary, the Assignor is not conveying to the Trustee-Assignee its rights to assert any attorney-client or other applicable privilege or immunity, or any documents, communications or information subject to the attorney-client or other applicable privilege or immunity, which rights, privileges and immunities shall be retained by the Assignor.

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

WIGDAHL ELECTRIC COMPANY
PAGE 3 OF 14

Documents, communications and/or information of the Assignor's professionals' shall be made available upon reasonable request, if not privileged or subject to an immunity.   Title to the property and assets of Assignor shall immediately vest in the Trustee-Assignee for the use and purpose hereinafter set forth.

   3.  **Powers and Duties of Trustee-Assignee.**  The Trustee-Assignee shall have the following powers, rights and duties in addition to those provided by applicable law:

     (a).  to borrow money and obtain financial accommodations necessary to fund the implementation of the WIGDAHL ELECTRIC COMPANY TRUST and pay necessary administrative expenses;

     (b).  to grant liens and security interests in assets of the WIGDAHL ELECTRIC COMPANY TRUST as may be necessary to secure financing for the implementation of the WIGDAHL ELECTRIC COMPANY TRUST;

     (c).  to receive and collect all mail, facsimile transmission, and other communications and deliveries (by hand, overnight, electronic or commercial methods) intended for Assignor,

     (d)  to collect any and all accounts receivable owing to Assignor and to endorse Assignor's name on checks, drafts, instruments and other items of payment;

     (e)  to sell or otherwise dispose of, if such exists, all assets of Assignor in such manner as the Trustee- Assignee deems best;

     (f)  to execute any and all documents necessary to effectuate a sale of said assets and to convey title to same;

     (g)  to conduct and operate the business of the Assignor in such manner as the

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

WIGDAHL ELECTRIC COMPANY
PAGE 4 OF 14

Trustee-Assignee deems best;

        (h)      to employ attorneys, accountants, consultants and such additional personnel (including, without limitation, other employees of Newpoint Advisors Corporation) to whatever extent may be necessary to implement the WIGDAHL ELECTRIC COMPANY TRUST;

        (i)      to fix a Bar Date (as defined below) for the submission of certain claims;

        (j)      to settle any and all claims against or in favor of Assignor, with full power to compromise, or in the discretion of the Trustee-Assignee, to sue or be sued, not individually, but solely as the Trustee-Assignee, and to prosecute or defend any claim or claims of any nature whatsoever existing against or in favor of Assignor;

        (k)      to determine and allow or disallow, in part or in whole, all creditors' claims against Assignor or the WIGDAHL ELECTRIC COMPANY for purposes of distribution;

        (l)      to sell and dispose of all secured creditors' collateral, subject to each such secured creditor's right to bid in its debt at any such sale or exercise such other rights and remedies available to each such secured creditor pursuant to its agreement with Assignor or applicable law, including without limitation the right to receive all net proceeds derived from each secured creditor's collateral, provided that each secured creditor agrees that its collateral may be used, sold, conveyed, encumbered, leased, licensed, hypothecated, or otherwise disposed of by the Trustee-Assignee and consents to the Trustee-Assignee's use of the proceeds of the disposition of such seemed creditor's collateral to the extent necessary in the good-faith judgment of the Trustee-Assignee to satisfy any administrative expense (including the Trustee-Assignee's compensation, expenses, and rights of indemnity and reimbursement) incurred by the

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

WIGDAHL ELECTRIC COMPANY
PAGE 5 OF 14

Trustee-Assignee in preserving, taking possession of, disposing of, delivering, removing, or

taking any other action required with respect to such collateral (1) as may be required under

applicable law or (2) as may be necessary to fulfill the Trustee-Assignee's duties and

responsibilities under this Trust Agreement and Assignment for the Benefit of Creditors;

      (m)    to pay the creditors of Assignor solely out of the funds of the WIGDAHL

ELECTRIC COMPANY TRUST, which shall come into the hands of the Trustee- Assignee, that

are not subject to any valid subsisting and enforceable liens or other encumbrances, in

accordance with the following priorities:

      i.    First, all unpaid costs and expenses, if any, incidental to the

          administration of the WIGDAHL ELECTRIC COMPANY

          TRUST and preservation of the WIGDAHL ELECTRIC

          COMPANY TRUST assets not satisfied from secured creditors'

          collateral proceeds.

      ii.    Second, all costs and expenses incidental to the administration of

          the Trust, including the remuneration of the Trustee-Assignee and

          the payment of reasonable compensation for the services of

          professionals for the Trustee-Assignee.  These costs and expenses

          shall include those incidental to the preparation and execution of

          this Trust Agreement.  The Trustee-Assignee shall also have the

          right to pay an accountant and other agents reasonable

          compensation for services performed in connection with the

          administration of this Trust and the attorneys for Trustee-Assignee

WIGDAHL ELECTRIC COMPANY
PAGE 6 OF 14

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

for such services as shall be rendered in aid of the administration

of this Trust and its property;

iii. ·Third, all debts entitled by law to a priority.

iv. Fourth, all federal claims of any nature whatsoever arising from or

related to this Trust Agreement, including, but not limited to,

federal withholding tax, federal unemployment tax and other

federal income, excise, property and employment taxes;

v. Fifth, all state, county and municipality taxes of any nature

whatsoever owing as of the date of this Trust Agreement,

including, but not limited to, employment, property and income

taxes.

vi. Sixth, all monies due employees of the Assignor entitled to priority

pursuant to 770 ILCS 85/1.

vii. Seventh, with the exception of those classes set forth above, all

distributions to other creditors shall be, within each class, pro rata

in accordance with the terms of each creditor's indebtedness, until

all such debts are paid in full. No payment shall be made to any

creditor whose claim is otherwise disputed until such time as that

creditor's claim is resolved.  Any creditor's otherwise pro rata

share of such distribution shall be fully reserved for by the Trustee-

Assignee until such time as the dispute is resolved.  The Trustee-

·Assignee may make interim distributions whenever the Trustee-

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

WIGDAHL ELECTRIC COMPANY
PAGE 7 OF 14

Assignee has accumulated sufficient funds to enable him to make a distribution, as determined in the Trustee-Assignee's sole discretion.

viii. Finally, when all debts of the WIGDAHL ELECTRIC COMPANY TRUST shall have been paid in full, the surplus, if any, of the WIGDAHL ELECTRIC COMPANY TRUST'S funds shall be distributed to Assignor's equity security holders in accordance with their rights.

(n) To do and perform any and all other acts necessary and proper for the orderly liquidation or other disposition of the WIGDAHL ELECTRIC COMPANY TRUST'S assets, including, but not limited to abandonment of the assets and property of WIGDAHL ELECTRIC COMPANY TRUST and the distribution of the proceeds derived therefrom to the creditors of Assignor.

4. **Administration of Trust.** This Trust shall be administered out of court. The Trustee-Assignee however, shall have the right to ask any court of competent jurisdiction for a declaratory judgment or such other relief as the Trustee-Assignee may deem necessary, if, in his good faith judgment, said action is desirable in connection with any dispute or claim arising or relating to the Trustee-Assignee, the WIGDAHL ELECTRIC COMPANY TRUST, claims asserted against the WIGDAHL ELECTRIC COMPANY TRUST or the Trustee-Assignee, or any other aspect of the Trustee-Assignee's administration of the WIGDAHL ELECTRIC COMPANY TRUST.

5. **Liability and Indemnity of Trustee-Assignee and his Agents.** It is understood

FILED DATE: 12/15/2020 12:30 PM    2020CH07287

WIGDAHL ELECTRIC COMPANY
PAGE 8 OF 14

that the Trustee-Assignee and his agents assume no personal liability or responsibility for any

debt of Assignor or of the WIGDAHL ELECTRIC COMPANY TRUST.  The Trustee-Assignee

shall execute all documents on behalf of the Assignor Trust solely in his capacity as Trustee-

Assignee and not in his individual capacity.

It is further understood and agreed that the obligations of the Trustee-Assignee and his

agents shall be limited to the performance of the terms and conditions of this Trust Agreement

and Assignment for the Benefit of Creditors in good faith and in the exercise of their reasonable

business judgment and that the Trustee-Assignee and his agents shall not be personally liable for

any act or omission in the execution of their duties under this Trust Agreement and Assignment

for the Benefit of Creditors except such acts or omissions that are determined by a court of

competent jurisdiction to be the result of the Trustee-Assignee's or his agents' gross negligence

or willful misconduct.  All funds and assets coming into the WIGDAHL ELECTRIC

COMPANY TRUST, whether encumbered or unencumbered, may be used to indemnify and

reimburse the Trustee-Assignee and his agents for any and all costs, fees, expenses, claims, or

liabilities that they may incur in the performance of their duties hereunder except for any claims

that are determined by a court of competent jurisdiction to be the result of the Trustee-Assignee's

or his agents' gross negligence or willful misconduct.

6.      **Rights of Creditors.**  All rights and remedies of the creditors against any surety

or sureties for Assignor are hereby expressly reserved, and nothing herein contained shall prevent

the creditors or any of them from suing any third parties or persons who may be liable to any

creditor for all or any part of its claim against Assignor or from enforcing or otherwise obtaining

the full benefit of any mortgage, charge, pledge, lien, or other security that they now hold on any

FILED DATE: 12/15/2020 12:30 PM  2020CH07287

WIGDAHL ELECTRIC COMPANY
PAGE 9 OF 14

property, credits, or effects of Assignor.

7.    **Representations, Warranties and Covenants of Assignor.** Assignor hereby represents and warrants as follows:

(a)    To the best of Assignor's knowledge, the list of creditors generated form the Assignor's books and records is complete and correct, as to names of said creditors, their addresses and the amounts due them.

(b)    Assignor, through its officers and directors, shall provide the Trustee-Assignee with such further information regarding the assets and liabilities of Assignor as the Trustee-Assignee may reasonably request from time to time.

(c)    Assignor, through its officers and directors, shall perform any and all acts reasonably necessary and proper to assist the Trustee-Assignee in the orderly liquidation of Assignor's assets and the collection of monies owing to Assignor, and in the distribution of said monies and the proceeds of asset sales to Assignor's creditors, provided that said officers and directors are reimbursed for any and all costs and expenses they incur performing such acts.

(d)    Whenever reasonably requested by the Trustee-Assignee, Assignor shall execute and deliver any documents and instruments that are necessary or convenient for the Trustee-Assignee to carry out his duties under this Trust Agreement and Assignment for the Benefit of Creditors.

(e)    Prior to execution of this Agreement, Assignor has undertaken all necessary actions to obtain shareholder, director, partner or member approval, as are required by law of the state of organization of Assignor,

For purposes of section 7(a), the phrase "to the best of Assignor's knowledge" means the

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

WIGDAHL ELECTRIC COMPANY
PAGE 10 OF 14

actual knowledge of Donna Wigdahl and John Wigdahl. Constructive knowledge or knowledge of other employees or agents of Assignor shall not be imputed to such individuals. Nothing herein shall be construed to impose personal liability on the persons named herein.

8. **Durable Power of Attorney.** Assignor herewith makes and appoints the Trustee-Assignee as its true and lawful attorney for it and in its name and on its behalf to sign, seal, acknowledge, deliver, and cause to be recorded, if necessary, all instruments, deeds, bills of sale, conveyances, and other documents of every nature and kind that, in the Trustee-Assignee's sole discretion he deems necessary or advisable to fulfill his duties and responsibilities hereunder. Without limiting the generality of the foregoing, Assignor hereby grants to the Trustee-Assignee full power and authority to do and perform all acts and every act and thing whatsoever as fully as Assignor might or could do. By these provisions, Assignor means and intends to grant to the Trustee-Assignee a durable and sustaining Power of Attorney.

9. **Creditors, Claims, and the Bar Date.** Any person, other entity, or governmental unit holding a claim against Assignor or the WIGDAHL ELECTRIC COMPANY shall execute an Affidavit of Claim in a form as determined by the Trustee-Assignee and return it so as to be received by the Trustee-Assignee on or before the date by which general unsecured claims not entitled to priority under applicable law must submit claims so as to be entitled to participate in the proceeds of the WIGDAHL ELECTRIC COMPANY (the "Bar Date"). The Trustee-Assignee may extend the Bar Date for any or all such claims in his sole discretion and in the interests of fairness and justice or based on a creditor's excusable neglect. The Bar Date shall not apply to undisputed claims listed on the books and records of the Assignor, claims entitled to priority under applicable law and to secured claims. The Bar Date shall be set forth in the Affidavit of

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

**WIGDAHL ELECTRIC COMPANY**
**PAGE 11 OF 14**

Claim sent to each known creditor that must timely file a claim and shall provide each creditor with not less than 60 days to submit a claim.

      10.    **Assignor's Obligation to File and Pay Taxes**.   The Trustee-Assignee shall have responsibility for preparing, filing, and paying any federal or state tax-related documents pertaining directly to Trustee's actions in administering this Trust.  The Assignor shall have sole responsibility for preparing and filing any and all tax documents and returns pertaining to the operation of Assignor's business until such time that all operations cease, including, but not limited to, any and all income and sales tax returns, employee withholding and payroll-related returns, and unemployment tax returns.  The Trustee-Assignee does not assume any responsibility or obligation to pay any taxes due and owed by Assignor to federal or state governmental entities, except to the extent funds are available and Trustee-Assignee is otherwise obligated to pay such taxes pursuant to the terms of this Agreement.

      11.    **Miscellaneous.**

      (a)    Jurisdiction and Venue.  The state and federal courts of the State of Illinois shall have exclusive jurisdiction over the assignment effected hereby, the actions of the Trustee-Assignee in such capacity, and all matters relating to the administration of the WIGDAHL ELECTRIC COMPANY TRUST, including the determination of any and all controversies arising under or in connection with this Trust Agreement and Assignment for the Benefit of Creditors.

      (b)    Construction.  Titles, headings, and subheadings used in this Trust Agreement and Assignment for the Benefit of Creditors are solely for ease of reference and shall not affect the construction of this Trust Agreement and Assignment for the Benefit of Creditors.

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

WIGDAHL ELECTRIC COMPANY
PAGE 12 OF 14

(c)     Successors and Assigns.  All provisions of this Trust Agreement and Assignment for the Benefit of Creditors shall be binding on and in favor of any administrators, successors, heirs, and assigns of the parties hereto.

(d)     Counterparts.  This Trust Agreement and Assignment for the Benefit of Creditors may be executed in one or more counterparts, all of which shall be taken together to constitute one and the same instrument.  This Agreement may be executed using facsimiles of signatures, and a facsimile of a signature shall be deemed to be the same, and equally enforceable, as an original of such signature.

(e)     Governing Law.  This Trust Agreement and Assignment for the Benefit of Creditors and the Trustee-Assignee's duties hereunder shall be governed by the laws of the State of Illinois. Assignor consents to the jurisdiction of the state and federal courts of Illinois on all matters arising out of or relating to this Trust Agreement and Assignment for the Benefit of Creditors and all claims arising or related to the WIGDAHL ELECTRIC COMPANY TRUST.

(f)     Integration.  This Trust Agreement and Assignment for the Benefit of Creditors constitutes the entire agreement and understanding of the parties with respect to the subject matter of this Trust.

(g)     Severability.  Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall not invalidate the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable any such provision in any other jurisdiction.

(h)     Modification.  This Agreement may not be amended, modified, or waived except by an instrument in writing signed by the party or an executive officer of a party against whom

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

**WIGDAHL ELECTRIC COMPANY**
**PAGE 13 OF 14**

enforcement of the amendment, modification or waiver is sought.

      (i)      **Resignation of Trustee-Assignee.** The Trustee-Assignee may resign by an instrument in writing signed by the Trustee-Assignee and served upon the beneficiaries provided that the Trustee-Assignee shall continue to serve after his resignation until the appointment of a successor shall become effective pursuant to this Trust Agreement.

      (j)      **Termination of Trust.** The Trust shall continue until the distribution of the balance of the Trust Assets, but in no event shall termination be beyond five years from the date hereof. The Trustee-Assignee shall provide the Beneficiaries with a final accounting of all sources and uses of funds at the time of termination and otherwise shall comply with reasonable and necessary termination procedures. Notwithstanding the foregoing, if warranted by the facts and circumstances, the term of the Trust may be extended for a finite term based on its particular facts and circumstances at the Trustee's discretion.

[SIGNATURE PAGE TO FOLLOW]

WIGDAHL ELECTRIC COMPANY
PAGE 14 OF 14

IN WITNESES WHEREOF, the parties have hereunto set their hands the day and year first

above written.

WIGDAHL ELECTRIC COMPANY

By: _Donna Wigdahl_

Its Secretary

## ACCEPTANCE

I, MATTHEW BRASH, the Trustee-Assignee here in above named, do hereby accept the

Trust hereinafter set forth, not individually, but solely as Trustee-Assignee, subject to the

conditions set forth above.

Matthew Brash

Subscribed and Sworn to before me
this 28th day of July, 2018.

Notary Public

MARGARET KUKAWSKI
Official Seal
Notary Public – State of Illinois
My Commission Expires Mar 10, 2021

FILED DATE: 12/15/2020 12:30 PM    2020CH07287

WIGDAHL ELECTRIC COMPANY
PAGE 15 OF 14

# Schedule A

### Assignment for the Benefit of Creditors - Rates

- Matthew D. Brash (Assignee) -          $265/hour
- Sr. Managing Director -                $295/hour
- Managing Director -                    $265/hour
- Analyst/Associate -                    $150-235/hour
- Administration/Field Runner -          $75/hour

FILED DATE: 12/15/2020 12:30 PM   2020CH07287

# EXHIBIT B

# NOT AN OFFICIAL DOCUMENT

| Form 669-D<br>(September 2008) | Department of the Treasury – Internal Revenue Service<br>**Certificate of Subordination of Property From Federal Tax Lien**<br>*(Sec. 6325(d)(1) and/or Sec. 6325(d)(2) of the Internal Revenue Code)* |
|---|---|

WIGDAHL ELECTRIC COMPANY of 1802 BRUMMEL AVE, City of ELK GROVE VILLAGE, County of Cook , State of ILLINOIS,

is indebted to the United States for unpaid internal revenue tax in the sum of Two hundred and eight-nine thousand four hundred

eighty-seven dollars and zero cents Dollars (289,487.00) as evidenced by:

| Notice of Federal<br>Tax Lien<br>Serial Number<br>(a) | Recording Information<br>(b) | Date Recorded<br>(c) | Taxpayer Identification Number<br>(d) | Amount Shown on Lien<br>(e) |
|---|---|---|---|---|
| 241460816 | 843695 | 12/19/2016 | XX-XXX1034 | $398,087.74 |

Doc# 1712434081 Fee $25.00

KAREN A.YARBROUGH
COOK COUNTY RECORDER OF DEEDS
DATE: 05/04/2017 03:24 PM PG: 1 OF 2

A lien attaching to all the property of the taxpayer was filed to secure the amount owed. The notice of lien was filed with the

Secretary of State, for the Cook , and also with the N/A, in accordance with the applicable provisions of law.

The lien listed above is attached to certain property described as:
Property and rights to property, including but not limited to, equipment, inventory, and accounts located at 1802
Brummel Ave, Elk Grove Village, Illinois 60007.
All rights to current and future account receivable.
All rights to any proceeds from current or future lawsuits filed by the taxpayer
Rights to any proceeds from current to future insurance claims
All accounts held with BMO Harris Bank N.A., including but not limited to, accounts 4801694020, 4806235288,
4801694047 and 5569-0700-0010-4633.
This certificate of Subordination Expires: April 19, 2018

NOTE: Always include the address of real property or a descriptive narrative of personal property in this section when using
"See Attachment" and a more detailed description is being attached.

Under provisions of Internal Revenue code section 6325(d)(1) and/or section 6325(d)(2), the Internal Revenue Service
subordinates the lien on the property described above to (BMO Harris Bank). However, the lien remains in effect for all
other property, or rights to property, to which the lien is attached.

| Signature<br>JENNIFER GREEN | Title<br>ADVISORY GROUP MANAGER | Date |
|---|---|---|

Note: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Discharge of
Federal Tax Lien. Rev. Rul. 71-466, 1971-2, C.B. 409.)

| Catalog No. 16751C | Form 669-D (Rev. 9-2008) |
|---|---|

Property of Cook County Recorder of Deeds

2020CH01074287

# NOT AN OFFICIAL DOCUMENT

This subordination may be terminated by the Internal Revenue Service before the expiration date by delivering written notice of termination to BMO Harris Bank 111 W Monroe St, Chicago, IL 60603-4096

NOTE: Always include the address of real property or a descriptive narrative of personal property in this section when using "See Attachment" and a more detailed description is being attached.

Under provisions of Internal Revenue code section 6325(d)(1) and/or section 6325(d)(2), the Internal Revenue Service subordinates the lien on the property described above to (BMO Harris Bank). However, the lien remains in effect for all other property, or rights to property, to which the lien is attached.

| Signature | Digitally signed by VF0L8 DN: cn=VF0L8, email=Jennifer.Green@irs.gov Date: 2017.04.20 07:41:33 -06'00' | Title ADVISORY GROUP MANAGER | Date |

Note: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Discharge of Federal Tax Lien, Rev. Rul. 71-466, 1971-2, C.B. 409.)

Catalog No. 16751C — Form 669-D (Rev. 9-2008)